# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:08CR00024-022 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KRISTY MICHELLE STOWERS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant ineligible for relief, and I will deny the motion.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons ("BOP"), the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on May 28, 2008, and charged with conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The defendant pleaded guilty pursuant to a written plea agreement, in which the government agreed that she should be held responsible for at least 150 grams, but less than 500 grams, of cocaine base. At the time of the defendant's sentencing, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and a maximum sentence of life

imprisonment. The defendant was sentenced on March 6, 2009, to a term of 120 months of imprisonment to be followed by a five-year period of supervised release. The defendant served this sentence and was released on February 5, 2016, at which point she began her supervised release. On October 4, 2017, the defendant was found to have violated the conditions of her supervised release, and she was sentenced to a term of three months of imprisonment to be followed by a 26-month period of supervised release. The defendant was released from custody on December 18, 2017. On October 12, 2018, she was again found to have violated the conditions of her supervised release, and she was sentenced to a term of 10 months of imprisonment to be followed by 36 months of supervised release. The defendant is currently serving this sentence, and according to the Bureau of Prisons website, her projected release date is July 22, 2019.

The defendant requests that the court apply the 2018 FSA to reduce her initial 2009 sentence. Her theory is that pursuant to such a reduction and the BOP's interpretation of 18 U.S.C. § 3585(b), the BOP would likely credit any time the defendant may have overserved on the 2009 sentence against her current sentence for violating the conditions of her supervised release, thereby shortening that sentence.

The defendant's essential argument is that the 2018 FSA serves a vehicle to credit for overserved time. This contention is contrary to *United States v. Johnson*,

529 U.S. 53 (2000).  In that case, the defendant overserved his original sentence, and sought to have the overserved time deducted from his later term imposed for violation of the conditions of his supervised release.  The Court stated that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release."  *Johnson*, 529 U.S. at 59.  Whatever might be BOP policy about overserved time, I do not find that the defendant can bootstrap the purpose of the 2018 FSA into her case.

Accordingly, it is hereby **ORDERED** that the Motion to Reduce Sentence, ECF No. 3650, is DENIED.

    ENTER:  March 28, 2019

    /s/ *James P. Jones*
    United States District Judge